UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JIMMY SMILEY,

    Plaintiff,

v.                                                      Case No. 8:06-cv-1694-T-23TBM

SATE OF FLORIDA, *et al.*,

    Defendants.
_____/

## O R D E R

Smiley moves for leave to proceed in forma pauperis in this civil rights action. On April 26, 1996, the President signed into law the Prison Litigation Reform Act (hereinafter PLRA), which amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Section 1915(g) requires this court to consider prisoner actions dismissed before, as well as after, the enactment of the PLRA. Rivera v. Allin, 144 F.3d 719, 730 (11th Cir.), cert. dismissed, 524 U.S. 978 (1998). The court judicially notices some of Smiley's prior actions each of which was dismissed as either frivolous, malicious, or

failing to state a claim upon which relief may be granted: 8:02-cv-1161-T-23EAJ, 8:03-cv-T-2711-17MAP, and most recently, 8:04-cv-2160-T-23MSS.  Additionally, the appeal in 8:03-cv-2711-T-17MAP was also dismissed as frivolous.  Because he has had three or more prior dismissals and is not under imminent danger of serious physical injury, Smiley is not entitled to proceed in forma pauperis.  Smiley may initiate a new civil rights action by filing a new civil rights complaint and paying the full $350.00 filing fee.[*]

Accordingly, the motion for leave to proceed in forma pauperis (Doc. 2) is **DENIED**.  The complaint (Doc. 1) is **DISMISSED** without prejudice to the filing of a new complaint, in a new case, with a new case number, upon payment of the full $350.00 filing fee, and only after Smiley prevails in having his convictions vacated.  The clerk shall enter judgment against Smiley and close this case.

ORDERED in Tampa, Florida, on September 18, 2006.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

SA/ro

---

[*] Smiley's present civil rights complaint attempts to litigate the same claims asserted in each of the above-cited cases, which, as noted, were dismissed as frivolous.  Smiley must first prevail in habeas corpus before he can pursue his claims of racial profiling, racial discrimination, prosecutorial misconduct, and appointed counsel's conflict of interest.  Heck v. Humphrey, 512 U.S. 477, 489 (1994).  The relief Smiley requests, having his convictions vacated, cannot be obtained in a civil rights action.